## THE STATE v. A. L. CARABIN.

1. An indictment was sufficiently certain and specific which, stating time and place, alleged that the defendant, " one bay horse of the value of one hundred dollars, not of his own property, but of the property of some other person, to the grand jurors unknown, which said bay horse was then and there an estray, did take up and use, without first complying with the laws regulating estrays, contrary to the statute," etc.

2. The defendant excepted to the indictment because it gave the initials only of his christian name, without alleging that the name was unknown to the grand jurors. The exception itself did not state what the christian name was. *Held*, that it was error to sustain the exception and quash the indictment.

APPEAL from Hill. Tried below before the Hon. F. P. Wood.

The facts are sufficiently indicated in the opinion and the head notes.

*John G. Boyle*, Assistant Attorney General, for the State. —
I. The court erred in sustaining the exceptions of defendant to the indictment on the ground of misnomer. That exception partakes of the character of a plea in abatement, and it is a well settled rule of law that he who pleads misnomer in abatement shall set forth the true name, that he may, in the quaint language of the law books, give the plaintiff a " better writ." (See Chitty's Black., vol. 2, p. 271.)

II. Article 469 of the Code of Criminal Procedure, (2938, Paschal's Digest,) provides that if the defendant or his counsel for him, suggest that he bear some name different from that stated in the indictment the same to be noted upon the minutes of the court, the indictment amended, the style of the cause changed, so as to give his true name, and the cause proceed as if the true name had been first recited in the indictment. And in the next article, 470, (2939, Pas. Dig.,) it is provided if the defendant allege that

he is not indicted by his true name, and refuse to say what his real name is, the cause shall proceed as if the name stated in the indictment were true. In this case the defendant has neither complied with the old common law rule as to pleas in abatement ; nor has he placed his plea before the court in such form as would give the State the benefit of the amendment provided for in Art. 469, C. C. P., but stands in the attitude of the defendant des] cribed in Art, 470, C. C. P., alleging that he is not indicted by his true name, and refusing to say what his real name is, and therefore his exception on the ground of misnomer should have been overruled, and the cause should have proceeded.

III. It was clearly error in the court sustaining the second exception urged by defendant's counsel, that the indictment was " vague, indefinite and uncertain and not sufficient that this de-fendant, if convicted, could plead the same in bar of another pros-ecution for the same offense." The indictment is framed accord-ing to the provision of Art. 2441, Pas. Dig. The statutory definition is exactly stated, and it is alleged defendant did take up and use, etc., one bay horse of the value of one hundred dollars.

An indictment of precisely the same character was held good in the case of William Nichols v. The State, 30 Tex., p. 515.

No brief for the appellee.

OGDEN, J.—The indictment in this case charges, that A. L. Carabin did take up and use one bay horse of the value of one hundred dollars, which said horse was then and there an estray, without first complying with the law regulating estrays. We think the indictment is sufficiently specific as to the name of the defendant, the description of the horse, and the offense charged ; and that the transcript shows that the indictment is a matter of record in the court below ; and that the district court erred in

sustaining the demurrer or exceptions to the indictment.  The judgment is therefore reversed and the case remanded for trial.

Reversed and remanded.